# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3574

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Floyd Samuel Halverson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 1, 2004
Filed: September 15, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Floyd Halverson appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to drug and money-laundering charges. The district court sentenced Halverson to concurrent terms of 46 months imprisonment on each count, and to concurrent terms of 4 years supervised release on the drug count and 3 years supervised release on the money-laundering count. Counsel has moved to withdraw on appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the sentencing court violated the Ex

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Post Facto Clause by using the 2002 Guidelines Manual in calculating the sentence for the money-laundering offense. For the reasons discussed below, we affirm the judgment of the district court.

The information to which Halverson pleaded guilty specified that the money laundering last occurred on July 2002, at which time the 2001 Guidelines Manual was in effect. Because Halverson's sentence was the same under either the 2001 or 2002 Guidelines, no ex post facto concern arises. See U.S.S.G. § 1B1.11 & comment. n.2 (court must use Manual in effect on date defendant is sentenced, unless doing so would violate Ex Post Facto Clause; controlling date for ex post facto purposes is last date when offense of conviction was committed).

We have reviewed the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), and we have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm.
_____